UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SHIRLEY LONDREGAN, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 3:09-cv-1540 (MRK) |
| | : | |
| CUNA MUTUAL INS. SOCIETY, | : | |
| | : | |
| Defendant. | : | |

## RULING AND ORDER

Plaintiff Shirley Londregan sued CUNA Mutual Insurance Society ("CUNA") on August 25, 2009 in the Connecticut Superior Court in New London.  Ms. Londregan alleges that CUNA has violated the terms of the long-term care insurance policy that it issued to her in September 2003.  *See* Compl. [doc. # 3].  Ms. Londregan, who suffers from a number of ailments, began receiving benefits under the policy in June 2008 in the form of twice-monthly payments of $1,666.  *See* Londregan Aff. [doc. # 14-2] ¶¶ 5-7; Pl.'s Stipulation [doc. # 17] ¶ 1.  However, the payments were terminated on or about June 22, 2009 when CUNA decided that Ms. Londregan was no longer eligible for continued benefits.  Londregan Aff [doc. # 14-2] ¶ 5.  Ms. Londregan has brought claims of breach of contract, bad faith, and violations of the Connecticut Unfair Insurance Practices Act ("CUIPA"), Conn. Gen. Stat. § 38a-816, and the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42-110b.  Compl. [doc. # 3].  She seeks compensatory and punitive damages, a declaratory judgment that she is entitled to benefits under the policy, and attorneys' fees and costs.  *See id.* at 6; Pl.'s Stipulation [doc. # 17] ¶¶ 2-3.

On September 29, 2009, CUNA removed the case to this Court, alleging that there is complete diversity between the parties and that the amount in controversy exceeds $75,000.  *See*

Notice of Removal [doc. # 3] ¶¶ 5, 9.  On October 21, 2009, Ms. Londregan filed a motion to remand

the case back to state court, arguing that the amount-in-controversy requirement of 28 U.S.C. § 1332

is not met and that the removal was untimely under 28 U.S.C. § 1446(b).  *See* Pl.'s Mot. to Remand

[doc. # 14].  The Court disagrees with each of the grounds asserted for remand.

The burden is on the party invoking federal jurisdiction – here, CUNA – to "show by a

'reasonable probability' that the amount-in-controversy requirement is satisfied."  *Colavito v. New*

*York Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation omitted).  To determine

the amount actually at issue, courts look to the allegations in the complaint, which are presumed

(absent evidence to the contrary) to contain a "good-faith representation of the actual amount in

controversy."  *Id.* (citation omitted); *see also St. Paul Mercury Indemnity Co. v. Red Cab. Co.*, 303

U.S. 283, 288-89 (1938).  The $75,000 threshold necessary for federal court jurisdiction can be met

by aggregating different state law claims brought by the same plaintiff.  *See Colavito*, 438 F.3d at

221.  Moreover, since attorneys' fees are recoverable as of right under CUTPA, *see* Conn. Gen. Stat.

§ 42-110g, they can be included in the calculation as well.  *See Givens v. W. T. Grant Co.*, 457 F.2d

612, 615 (2d Cir. 1972), *vacated on other grounds* 409 U.S. 56 (1972); *Insurance Co. of State of Pa.*

*v. Waterfield*, 371 F. Supp. 2d. 146, 149 (D. Conn. 2005).  The party opposing federal jurisdiction

– here, Ms. Londregan – must show "to a reasonable certainty" that the amount in controversy does

not exceed $75,000.  *Wolde-Meskel v. Vocational Instruction Project Cmty. Servs., Inc.*, 166 F.3d

59, 63 (2d Cir. 1999).

In the Complaint, Ms. Londregan does not claim a specific sum, but requests compensatory

damages and a declaration that she is entitled to receive benefits under the policy.  *See* Compl. [doc.

# 3].  Under the policy, Ms. Londregan is entitled to receive benefits for a maximum of three years

or in the total amount of $219,000 – whichever limit is reached first.  *See* Notice of Removal [doc. # 3] ¶ 12.  Ms. Londregan's monthly benefits are equal to the lesser of the "actual daily charge" and the "maximum daily benefit" for the services for which she qualifies.  *See* Londregan Aff. [doc. # 14-2] ¶ 9.  When her benefit payments were stopped, Ms. Londregan had been receiving $3,332 a month in benefits – representing her "actual daily charge" – for the preceding 12 to 13 months.  *See* Londregan Aff. [doc. # 14-2] ¶¶ 5-7; Pl.'s Stipulation [doc. # 17] ¶ 1.

The recitation of these facts demonstrates that CUNA has met its burden to show that there is a "reasonable probability" that the amount in controversy exceeds $75,000.  Should Ms. Londregan succeed on her claims, she could be entitled to two additional years of benefits.  Two additional years of monthly benefits in the amount that she had been receiving ($3,332) would total approximately $80,000.  And under the policy, Ms. Londregan could recover significantly more than that – up to the "maximum daily amount" of $231.53, which would be nearly $85,000 per year – depending on her eligibility for various services.  *See* Londregan Aff. [doc. # 14-2] ¶ 9.  The potential recovery of attorneys' fees under CUTPA, which Ms. Londregan has requested, puts the amount in controversy even higher.

During an on-the-record telephone conference on October 23, 2009, the Court invited counsel for Ms. Londregan to file a clarifying stipulation that she was not seeking and would not accept any recovery in excess of $75,000.  *See* Minute Entry [doc. # 16].  Had counsel done so, the Court would have no trouble finding that Ms. Londregan had met her burden to show that the amount-in-controversy requirement was not met.  *See Ryan v. Cerullo*, 343 F. Supp. 2d 157, 160 (D. Conn. 2004) (holding that plaintiff's post-removal clarifying stipulation that he would not seek or accept damages in excess of the amount-in-controversy requirement was sufficient to establish court's lack

of subject-matter jurisdiction).  But Ms. Londregan's counsel declined that offer precisely because

he wished to reserve the right to receive more than that sum.  Instead, he filed a stipulation stating

that "the declaratory relief sought by the plaintiff is whether or not the plaintiff was eligible for

benefits from June 22, 2009 until the date of the trial and not beyond" and that Ms. Londregan

"acknowledges and agrees that after trial and the decision on the issues raised in this complaint, the

plaintiff's right to continued benefits will depend upon her eligibility under the policy and the

defendant's right to have a physician of its choice examine the plaintiff."  *See* Pl.'s Stipulation [doc.

# 17] ¶¶ 2, 4.  But this is clearly insufficient to demonstrate "to a reasonable certainty" that the

amount in controversy does not exceed $75,000.  *Wolde-Meskel*, F.3d 59, 63 (2d Cir. 1999).  The

Court prefers to move cases forward efficiently, but it is apparent that if Ms. Londregan succeeds

on her claim, she will be entitled to the full benefits under the policy.  It is, therefore, inappropriate

to remand this case on the ground that the amount-in-controversy requirement is not met.

Ms. Londregan's second argument, that the removal was untimely, is similarly without merit.

Under 28 U.S.C. § 1446(b), the notice of removal "shall be filed within thirty days after the receipt

by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the

claim for relief upon which such action or proceeding is based."  Ms. Londregan argues that CUNA

failed to meet this deadline because more than 30 days elapsed between service of the complaint on

CUNA's statutory agent, Connecticut's Office of Insurance Commissioner, on August 28, 2009, and

the filing of the Notice of Removal on September 29.  *See* Pl.'s Mot. to Remand [doc. # 14] at 3-4.

However, it is undisputed that CUNA did not actually *receive* the process from the Insurance

Commissioner until September 2, 2009.  *See* Def.'s Opp'n to Mot. to Remand [doc. # 20] at 2.

The Second Circuit has not ruled definitively on this issue.  However, most – if not all –

district courts in this Circuit that have examined the issue have concluded that "[w]hen service of process is made upon a statutory agent rather than on the defendant personally, the thirty-day period during which the defendant may remove the case does not begin with service upon the agent, but rather, when the defendant receives personal service of the summons and complaint." *Fernandez v. Hale Trailer Brake & Wheel*, 332 F. Supp. 2d 621, 624 (S.D.N.Y. 2004). *See also Boone v. Thane*, No. 07-CV-4358, 2009 WL 910556, at *2-3 (E.D.N.Y. Mar. 31, 2009); *Fernandez*, 332 F. Supp. 2d at 624 (collecting cases). As the Wright & Miller treatise states, "At one time it was not clear whether service on a statutory agent . . . was sufficient to commence the time period for removal . . . . Realistically speaking, of course, statutory agents are not true agents but merely are a medium for transmitting the relevant papers. Accordingly, it now appears to be settled law that the time for removal begins to run only when the defendant or someone who is the defendant's agent-in-fact receives the notice via service." Wright & Miller, 14C *Federal Practice and Procedure* § 3731 (4th ed.). This Court agrees that when service is effectuated upon a statutory agent (as opposed to the agent for service of process designated by a defendant), the time for removal under 28 U.S.C. § 1446(b) begins when the defendant actually receives the summons and complaint. Since CUNA did not receive the process until September 2, 2009, its removal of the case on September 29 was timely.

For the foregoing reasons, Plaintiff's Motion to Remand [doc. # 14] is DENIED.

IT IS SO ORDERED.

/s/        Mark R. Kravitz

United States District Judge

Dated at New Haven, Connecticut: **December 7, 2009.**